ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN OPINION CONCERNING WHETHER A STATE BANK MAY PLEDGE ITS ASSETS TO SECURE THE DEPOSITS OF RURAL WATER DISTRICTS. BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO EXISTING OPINIONS OF THE ATTORNEY GENERAL AND REVIEW OF THE PERTINENT STATUTORY AUTHORITIES, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
A STATE BANK MAY NOT GENERALLY PLEDGE ITS ASSETS TO SECURE DEPOSITS. SEE 6 O.S. 809 (1991). HOWEVER, 6 O.S. 411 OF TITLE 6 OF THE OKLAHOMA STATUTES SETS FORTH A NUMBER OF SPECIFIC INSTANCES IN WHICH THE PLEDGING OF ASSETS IS PERMITTED. IN 1987, THE ATTORNEY GENERAL ISSUED AN OPINION WHICH CONCLUDED THAT THIS STATUTE DID NOT AUTHORIZE BANKS TO PLEDGE ASSETS TO SECURE THE DEPOSITS OF RURAL WATER DISTRICTS. A.G. OPIN. 87-015.
DURING THE LAST LEGISLATIVE SESSION, HOWEVER, 6 O.S. 411 WAS AMENDED. THE AMENDMENT ADDED LANGUAGE WHICH PERMITS A BANK TO PLEDGE ITS ASSETS TO:
 "SECURE THE UNINSURED PORTION OF DEPOSITS MADE BY A GOVERNMENTAL AGENCY OF THE STATE OF OKLAHOMA OR ANY PUBLIC TRUST HAVING THE STATE OF OKLAHOMA AS A BENEFICIARY SO LONG AS SAID PLEDGE IS MADE WITH THE SAME TYPE OF COLLATERAL AND IN THE SAME MANNER AND FORM AS PLEDGES MADE TO SECURE DEPOSITS BY THE STATE TREASURER(.)"
1992 OKLA. SESS. LAWS, C. 157, 1. THUS, IN ADDITION TO THE EXISTING INSTANCES IN WHICH THE PLEDGING OF ASSETS IS AUTHORIZED, A BANK MAY NOW PLEDGE ITS ASSETS TO SECURE DEPOSITS MADE BY (1) A GOVERNMENTAL AGENCY OF THE STATE OF OKLAHOMA; OR (2) ANY PUBLIC TRUST HAVING THE STATE OF OKLAHOMA AS A BENEFICIARY.
RURAL WATER DISTRICTS ARE AUTHORIZED BY THE RURAL WATER, SEWER, GAS AND SOLID WASTE MANAGEMENT DISTRICTS ACT, 82 O.S. 1324.1 (1991) ET SEQ. THIS ENACTMENT GOVERNS THE CREATION OF RURAL WATER DISTRICTS AND ESTABLISHES THE POWERS OF SUCH DISTRICTS. THE ACT PROVIDES THAT, ONCE CREATED, A DISTRICT "SHALL BE A BODY POLITIC AND CORPORATE AND AN AGENCY AND LEGALLY CONSTITUTED AUTHORITY OF THE STATE OF OKLAHOMA FOR THE PURPOSES SET FORTH IN THIS ACT." 82 O.S. 1324.6 (EMPHASIS SUPPLIED).
THE ATTORNEY GENERAL HAS PREVIOUSLY CONSIDERED THE EFFECT OF THE ABOVE-QUOTED LANGUAGE. FIRST, IN A.G. OPIN. 85-177, THE ATTORNEY GENERAL FOUND THAT THE LANGUAGE "EVIDENCES A CLEAR LEGISLATIVE INTENT TO BRING THESE DISTRICTS INTO THE FOLD AS `AGENCIES' OF THE STATE" AND CONCLUDED THAT THE PROVISIONS OF THE GOVERNMENTAL TORT CLAIMS ACT APPLIED TO RURAL WATER DISTRICTS. SECOND, IN A.G. OPIN. 87-015, THE ATTORNEY GENERAL FOUND THAT THE UNIT COLLATERAL SYSTEM ACT WAS NOT APPLICABLE TO RURAL WATER DISTRICTS BECAUSE THE ACT APPLIED ONLY TO ENTITIES ENUMERATED IN THAT LEGISLATION, I.E., COUNTIES, CITIES, TOWNS AND BOARDS OF EDUCATION. IN THIS LATER OPINION, THE ATTORNEY GENERAL EXPRESSLY RESERVED THE QUESTION OF WHETHER THE LANGUAGE OF 82 O.S. 1324.6 OF TITLE 82 WAS GENERALLY APPLICABLE. ID. BUT WHILE THESE OPINIONS EXPRESS DIFFERING LEVELS OF CONFIDENCE IN THE PROPOSITION THAT A RURAL WATER DISTRICT OUGHT TO BE CONSIDERED AN "AGENCY" OF THE STATE, THEY DEMONSTRATE THAT THE UNIFORM APPROACH OF THE ATTORNEY GENERAL HAS BEEN TO AFFORD DEFERENCE TO THE LEGISLATIVE DECLARATION THAT SUCH ENTITIES ARE AGENCIES OF THE STATE.
CONSISTENT WITH THIS APPROACH, A RURAL WATER DISTRICT SHOULD BE CONSIDERED "A GOVERNMENTAL AGENCY OF THE STATE OF OKLAHOMA" FOR PURPOSES OF APPLYING THE PLEDGE LIMITATIONS OF 6 O.S. 411 (1992). AS SUCH, A RURAL WATER DISTRICT IS ELIGIBLE TO RECEIVE A PLEDGE OF ASSETS FROM A BANK. ACCORDINGLY, IT IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT A STATE BANK MAY PLEDGE ITS ASSETS TO SECURE THE UNINSURED PORTION OF DEPOSITS OF A RURAL WATER DISTRICT.
A BANK THAT MAKES SUCH A PLEDGE MUST, OF COURSE, EXERCISE DUE CAUTION TO INSURE THAT ANY SUCH PLEDGE "IS MADE WITH THE SAME TYPE OF COLLATERAL AND IN THE SAME MANNER AND FORM AS PLEDGES MADE TO SECURE DEPOSITS BY THE STATE TREASURER" AS REQUIRED BY 411. THEREFORE, THE BANK MUST TAKE STEPS TO COMPLY WITH THE SECURITY FOR PUBLIC DEPOSITS ACT, 62 O.S. 72.1 (1991) ET SEQ.
(K. W. JOHNSON)